## COMMONWEALTH OF PENNSYLVANIA, Appellee

v.

## Leroy DOWLING, Appellant

Superior Court of Pennsylvania.

Argued April 26, 2001.
Filed June 1, 2001.

---

Q. That was in December of this year?

A. Yes.

Q. A couple weeks ago. December first; is that correct?

A. Yes.

Q. Miss Zuckerman [the Assistant District Attorney] asked you some questions?

A. Yes.

Q. Another attorney by the name of Mr. Cohen asked you some questions; is that correct? Another attorney asked you questions on that same day?

A. Just you all two.

Q. I wasn't here.

A. It was another gentleman.

Q. Are you telling me you thought I was the one who asked you the questions?

A. Yes.

N.T., 12/15/99, at 50. Counsel attempted to ask follow-up questions on this topic, including: (1) "You realize that was another man 40 pounds heavier than me?"; (2) "Sir, did you just tell the ladies and gentlemen you thought I was here asking you questions for about an hour?"; (3) "The man who asked you questions on December first, did he have a goatee?"; and (4) "How old was the person who was asking you questions on December first?" *Id.* at 50–52. The trial court sustained Commonwealth objections to each question and directed counsel to proceed to a different line of questioning. *Id.* at 50–53.

¶ 3 On December 17, 1999, a jury found Appellant guilty of aggravated assault, possession of an instrument of crime, criminal conspiracy,[1] and recklessly endangering another person. N.T., 12/17/99, at 2–4.

Louis T. Savino, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before: JOHNSON, STEVENS, and LALLY–GREEN, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Leroy Dowling, appeals from the judgment of sentence entered March 13, 2000. Appellant argues that the trial court abused its discretion by limiting cross-examination of a Commonwealth witness. We affirm.

¶ 2 The record reflects the following. At trial, the Commonwealth presented evidence from four eyewitnesses that on March 6, 1999, at approximately 3:15 a.m., Appellant fired five or six shots at an occupied SEPTA bus. Trial Court Opinion, 8/9/2000, at 2–5. At trial, Commonwealth witness Henry Dill engaged in the following exchange with Appellant's trial counsel, Scott DiClaudio, Esq.:

Q. Do you remember testifying at a prior proceeding?

A. Yes.

---

1. The conspiracy charge arose from the fact that one of Appellant's accomplices attempted to prevent Mr. Dill from boarding the bus.

After Mr. Dill pushed the accomplice away and boarded the bus, Appellant fired at Mr. Dill. Trial Court Opinion, 8/9/2000, at 7–8.

On March 13, 2000, Appellant was sentenced to a mandatory prison term of five to ten years for aggravated assault, and a consecutive term of two to four years for criminal conspiracy. N.T., 3/13/00, at 21. This appeal followed.

¶ 4 Appellant raised the following issue in his Concise Statement of Matters Complained of on Appeal:

> The court erred and deprived the defendant from receiving a fair trial by prohibiting counsel from cross examining based on a prior inconsistent statement of an eyewitness on the issue of identification.

Docket Entry D–7.[2] In its Rule 1925 Opinion, the trial court wrote: "As Defendant did not state which witness or what statement he is referring to, this Court cannot fully address this issue." Trial Court Opinion, 8/9/2000, at 8.

¶ 5 Appellant raises one issue on appeal:

> Did the trial court err and deprive the Appellant from receiving a fair trial by prohibiting counsel from cross-examining the complainant with respect to matter impeaching his credibility?

Appellant's Brief at 4.

¶ 6 Before addressing the merits of Appellant's claim, we must determine whether it is waived. Our Supreme Court has held that when a trial court directs a defendant to file a Concise Statement of Matters Complained of on Appeal, any issues not raised in such a statement will be waived. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998).

¶ 7 Appellant's Concise Statement refers to the trial court "prohibiting counsel from cross examining based on a prior inconsistent statement of an eyewitness." Docket Entry D–7 (emphasis added). In

contrast, Appellant argues on appeal that the trial court erred by failing to allow further cross-examination regarding Mr. Dill's inability to identify the attorney who had questioned him in a prior proceeding. As the Commonwealth points out, this issue has nothing to do with a prior inconsistent statement. Because the issue raised on appeal was not raised in the Concise Statement, the issue on appeal is waived. *Lord*, 719 A.2d at 308.

¶ 8 In a similar vein, the issue raised on appeal is waived because Appellant's Concise Statement was too vague for the trial court to identify and address the issue to be raised on appeal. In *Lord*, our Supreme Court reasoned that:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Id.* "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa.Super.2000) (brackets and quotation marks omitted), *appeal granted*, 564 Pa. 471, 769 A.2d 442, 2001 Pa. LEXIS 602 (2001), *citing, Giles v. Douglass*, 747 A.2d 1236, 1237 (Pa.Super.2000). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super.2000).

¶ 9 In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on ap-

---

**2.** Appellant also challenged the sufficiency of the evidence in his Concise Statement. Dock-

et Entry D–7. Appellant has not pursued this issue on appeal.

peal is the functional equivalent of no Concise Statement at all. While *Lord* and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, Appellant's Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because Appellant's vague Concise Statement has hampered appellate review, it is waived.

¶ 10 Even if the issue were not waived, Appellant would not be entitled to relief. "The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." *Commonwealth v. Morgan*, 559 Pa. 248, 739 A.2d 1033, 1035 (1999). "In exercising this discretion, a trial court may properly preclude cross-examination on collateral matters that are unrelated to the issues at trial." *Commonwealth v. Marchand*, 452 Pa.Super. 625, 682 A.2d 841, 844 (1996), *appeal denied*, 547 Pa. 752, 692 A.2d 564 (1997). Here, we see no abuse of discretion. The general issue of Mr. Dill's recall was important; however, the trial court did not err in precluding counsel from belaboring this specific line of questioning because it concerned a collateral subject matter.

¶ 11 Finally, even if the court erred, such error would be harmless. Error is harmless if it is so insignificant that it could not have contributed to the verdict. *Commonwealth v. Lilliock*, 740 A.2d 237, 246 (Pa.Super.1999), *appeal denied*, 2000 Pa. LEXIS 616 (Pa. Mar. 16, 2000). As noted above, Mr. Dill was one of four witnesses who identified Appellant as the perpetrator. Appellant's counsel did establish that Mr. Dill misidentified the attorney who questioned him in a previous proceeding, and therefore may have a suspect memory. Moreover, Appellant was not precluded from cross-examining Mr. Dill as to his ability to identify Appellant as the perpetrator. In fact, the trial court gave the jury a *Kloiber* charge as to Mr. Dill because Appellant successfully established that the circumstances surrounding Mr. Dill's identification of Appellant were suspect. *See, Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). Under these circumstances, Appellant has not demonstrated prejudice and is not entitled to relief.

¶ 12 Judgment of sentence affirmed.