J-S09043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS SCOTT ZAGATA, | |
| Appellant | No. 1658 WDA 2014 |

Appeal from the Judgment of Sentence entered October 1, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001905-2013,
CP-26-CR-0002138-2013, and CP-26-CR-0002139-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                      **FILED FEBRUARY 23, 2015**

Nicholas Scott Zagata ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of harassment, stalking, and disorderly conduct.[1]  We affirm.

On October 1, 2014, Appellant was sentenced to twelve (12) to twenty-four (24) months in prison.  Appellant filed an appeal on October 9, 2014.  The trial court directed compliance with Pa.R.A.P. 1925(b), and Appellant filed and served his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on October 16, 2014.  It reads, in entirety:

THE EVIDENCE WAS INSUFFICIENT TO FIND THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT OF CRIMINAL CHARGES.

---

[1]18 Pa.C.S.A. §§ 2709(a)(3), 2709.1(a)(1), and 5503(a)(4).

"Concise Issue", 10/16/14, at 1.

On appeal, Appellant similarly asks:

WAS THE EVIDENCE INSUFFICIENT TO FIND THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT OF THE CRIMINAL CHARGES[?]

Appellant's Brief at 7.

Both the trial court and the Commonwealth assert that Appellant's sufficiency argument lacks specificity and thus is waived. Trial Court Opinion, 11/13/14, at 2-6; Commonwealth Brief at 1-2. We agree.

A concise statement on appeal must be specific enough for the trial court to identify and address the issue the appellant wishes to raise on appeal. *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013).

> Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).
>
> This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied,* 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." **Id.** (brackets, internal quotation marks, and citation omitted). Further, this Court may find waiver where a concise statement is too vague. **Id.** "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). "A Concise

Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686–87.

*Id*.

Further, in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Such specificity is of particular importance in cases where the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. *Id*. A statement of matters complained of on appeal must be detailed enough so that the trial judge can write an opinion addressing matters complained of on appeal. *Burgoyne v. Pinecrest Community Ass'n*, 924 A.2d 675, 678 n.1 (Pa. Super. 2007).

Here, Appellant not only failed to specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which convictions he was challenging. The trial court explained:

> In his Concise Issue, Appellant does not indicate what conviction or convictions he is challenging, or how the evidence was insufficient. With such a blank, indistinct and vague Concise Issue, this Court is left with mere speculation as to what errors or convictions Appellant complains of on appeal. Under such circumstances, we refuse to speculate and thereby act as counsel for Appellant. Accordingly, we believe Appellant has waived all issues.

***

> [Appellant's] failure to provide this Court with a sufficiently detailed 1925(b) Concise Statement fatally hampers this Court's ability to prepare a legal analysis which is pertinent to the issues. As such, any analysis would be mere speculation on the part of this Court, and no meaningful review could be derived from such conjecture. Even if we correctly guessed the issues Appellant brings, the vagueness of Appellant's Concise Statement renders all issues therein waived. **_Commonwealth v. Heggins_**, 809 A.2d 908, 912 (Pa. Super. 2002).

Trial Court Opinion, 11/13/14, at 2, 6.

Given the foregoing, we find that Appellant's sufficiency claim is waived. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2015

- 4 -