J. S50010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
           v.        :
  :
ERIK LYBARGER,           :       No. 1692 WDA 2013
  :
           Appellant     :

Appeal from the Judgment of Sentence September 5, 2013,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000929-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 27, 2015**

Erik Lybarger appeals from the judgment of sentence entered on September 5, 2013.  We affirm.

The relevant facts and procedural history of this appeal are as follows.  On March 6, 2012, appellant and William McGinnis were involved in an altercation at the Point Stadium in Johnstown.  Thirty minutes later, another altercation occurred between the two men in the parking lot of a deli.  Appellant slashed McGinnis' chest with a box cutter resulting in serious injury.  Appellant was charged with aggravated assault and recklessly endangering another person.

On May 16, 2012, a preliminary hearing was held.  At the beginning of the hearing, defense counsel informed the court that appellant wished to represent himself.  (Notes of testimony, 5/16/12 at 3.)  Initially, the

magistrate denied appellant's request to proceed ***pro se***. (***Id.*** at 11.) However, when it was time for the defense to question the first Commonwealth witness, appellant again expressed that he wished to represent himself and averred, "Mr. Filia does not represent me." (***Id.*** at 18.) The court summarily read the waiver of counsel form to appellant and appellant signed the form. (***Id.*** at 19.) Thereafter, Attorney Filia was instructed he was standby counsel and appellant would be cross-examining the witness. (***Id.*** at 19-20.) At the end of the hearing, the magistrate found a ***prima facie*** case had been established, and the charges were bound over to the Cambria County Court. (***Id.*** at 27.)

A criminal information was filed on June 13, 2012. On June 15, 2012, more than a year before trial commenced, the Honorable Timothy P. Creany conducted a Rule 121 colloquy and permitted appellant to represent himself with the assistance of stand-by counsel, Michael Filia, Esq. (Notes of testimony, 6/15/12 at 20-21.) (***See*** also Docket #27.) However, while incarcerated, it was recommended that appellant undergo mental health treatment at another facility. On September 14, 2012, Judge Creany filed an order which continued appellant's case. (Docket #49.)

On November 16, 2012, Judge Creany directed that appellant be evaluated at Torrance State Hospital pursuant to a mental health proceeding recommendation. (Docket #54.) On December 5, 2012, following a review of the psychological evaluation and reports from Torrance, Judge Creany

denied self-representation and directed that Attorney Filia would represent appellant. (Docket #63.)

On May 10, 2013, at a hearing regarding appellant's *pro se* motion for nominal bail under Rule 600, the Honorable David J. Tulowitzki filed an order directing Attorney Filia to be appointed as standby counsel for appellant. (Docket #113.) Thereafter, on May 23, 2013, Judge Tulowitzki filed an order denying appellant's *pro se* motion for nominal bail under Rule 600. (Docket #133.)

On May 30, 2013, pre-trial motions were heard prior to jury selection before the Honorable Linda Rovder Fleming, and appellant represented himself with Attorney Filia present as standby counsel. On June 6, 2013, the trial began; appellant appeared *pro se* with Attorney Filia present as standby counsel. The trial court disposed of six *pro se* pre-trial motions appellant had filed. Judge Fleming then provided instructions to the jury and heard opening statements. During appellant's cross-examination of the Commonwealth's first witness, Judge Fleming asked appellant to approach for a sidebar conference and appellant refused. (Notes of testimony, 6/6/13 at 93.)

The jury was dismissed and the court conducted another Rule 121 colloquy, stating it was no longer convinced appellant had made a knowing, intelligent, and voluntary waiver of his right to counsel. (*Id.* at 107.) Judge Fleming subsequently found that appellant voluntarily and knowingly

waived his right to counsel. (**Id.** at 106-120.) Immediately thereafter, a contempt hearing was conducted in relation to appellant's open defiance of the judge in view of the jury. (**Id.** at 124.) Appellant was found to be in contempt, sentenced to 48 hours of incarceration, and barred from the courtroom for contempt with the opportunity to purge by complying with future court directives. Attorney Filia was directed to act as primary counsel while appellant remained incarcerated. (**Id.** at 130.) The jury was instructed not to take any adverse inference from appellant's absence. (**Id.** at 129-130.) The trial continued and appellant was ultimately found guilty on all counts.

On September 5, 2013, appellant was sentenced to a term of imprisonment of 96 months to 192 months for aggravated assault and a concurrent term of 12 to 24 months for REAP. On September 9, 2013, appellant filed a "letter of notice" with the clerk of courts, requesting it to be considered a notice of appeal.[1] By order dated October 14, 2013, appellant was directed to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant failed to comply, and a panel of this court, by order dated December 18, 2013, directed the trial court to consider whether appellant was financially entitled to appointed counsel.

---

[1] This document was not initially docketed as a notice of appeal by the Cambria County Clerk of Courts.

Thereafter, on December 27, 2013, the trial court issued an order granting appellant *in forma pauperis* status and appointing Arthur T. McQuillan, Esq., as appellant's counsel. On February 4, 2014, appellant filed a *nunc pro tunc* Rule 1925(b) statement raising the following issue:

1.  Whether the defendant's waiver of the right to counsel four months prior to trial was:

    (a)  timely; and

    (b)  sufficient to determine the defendant's competency to understand the nature of the charges pending against him, and to completely represent himself at trial; and

    (c)  knowing, voluntary and intelligent in view of the prior Court Orders of mental health commitment, evaluation and treatment?

Docket #268; appellant's brief at 6.[2]

The trial court finds appellant's claim to be waived as the court was unable to identify a ruling on this issue on or about the time period cited by appellant -- four months prior to jury selection. (Trial court opinion, 3/7/14 at 3.) In his brief on appeal, appellant explains that he misstated the date and "[u]pon applying for and examining additional transcripts, it became apparent that [he] had waived his right to counsel before President Judge Timothy P. Creany **12 months** prior to trial, on June 15, 2012." (Appellant's

---

[2] A second claim presented in the *nunc pro tunc* Rule 1925(b) statement has been abandoned on appeal.

brief at 12 (emphasis in original).) Appellant then acknowledged that Judge Creany reversed his decision in December of 2012. (*Id.*) Appellant posits that "counsel's mistaken averment that the waiver took place **four months** prior to trial should not affect the Superior Court's review of the issue." (*Id.*) Additionally, we note the argument presented in his brief concerns the timeliness and adequacy of the colloquy conducted during trial on June 6, 2013, before Judge Fleming. (*Id.* at 15-17.)

We find appellant's colloquy issue waived because of the failure to properly identify for the trial court the particular Rule 121 colloquy in question. *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super. 2011), *appeal denied*, 632 A.3d 1275 (Pa. 2011) (citation omitted) ("[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal."). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super. 2001) (citation omitted). As counsel points out, there were numerous hearings in this matter and multiple times when appellant's request to proceed *pro se* was reviewed. Moreover, more than one judge was involved in appellant's case as it proceeded through the court system. Thus, pursuant to the date specified in appellant's Rule 1925(b) statement, the trial court could not identify and address the claim. Because appellant's concise statement has completely hampered appellate review, this issue is

waived.   Pa.R.A.P.  1925(b)(4)(vii)  (issues  not  included  in  statement  are waived).

Moreover,  our  review  of  the  Rule  121  colloquies  administered  by  the various judges involved were, in fact, defective in that there was no inquiry into  Subsections  (e)  and  (f).    However,  no  relief  is  due  under  the circumstances  of  this  case.    Following  a  psychological  evaluation,  on December 5, 2012, Judge Creany specifically made a determination that appellant  was  not  competent  to  represent  himself  and  appointed Attorney Filia to represent him at trial.  This order is not challenged on appeal.[3]  The issue of any previous colloquy being defective was made moot by Judge Creany's December 12th order.  Presently, the court is at a loss as to  why  both  Judge  Tulowitzki  and  Judge  Fleming  thereafter  considered  the issue of self-representation.  In any event, once appellant was barred from the  trial  due  to  the  contempt  finding,  Attorney  Filia  did  in  fact  represent appellant at trial.  Appellant received all the rights to which he was entitled.

Finally,  appellant  has  repeatedly  filed  **pro  se**  motions  during  this appeal while represented by Attorney McQuillan.  These motions are denied pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

Judgment  of  sentence  affirmed.    The  "motion  for  court  order  and directive  to  counsel  to  withdraw,"  the  "application  for  an  order  to  compel

---

[3] Appellant is not asserting on appeal that he wanted to proceed **pro se** but that the colloquy to proceed **pro se** was defective.

*pro se*," and the motion entitled "jettes sui-juris/pro se brief fraud-upon-the-court supplement" are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015