J-S60018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICOLE P. GALAJ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID HAMILTON | |
| Appellant | No. 927 EDA 2015 |

Appeal from the Order Entered March 2, 2015
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): 199862425

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED NOVEMBER 06, 2015**

David Hamilton ("Father") appeals from the order entered in the Court of Common Pleas of Berks County denying his petition to decrease his support obligation for his sixteen-year-old child, his motion for contempt, and his request for counsel fees.  Because Father has waived his claims on appeal, we affirm the trial court's order.

In its Pa.R.A.P. 1925(a) opinion, the trial court found that Father's Rule 1925(b) statement of errors complained of on appeal was "too vague to allow this [c]ourt to identify the issues raised on appeal."  Trial Court Opinion, 6/19/15, at 2.  The trial court, therefore, concluded that Father had waived his claims on appeal.

Father raised the following claim in his Rule 1925(b) Statement:  "The ruling of March 2, 2015 involves an abuse of discretion.    The Pennsylvania

Rules of Civil Procedure and Title 23 Pennsylvania Consolidated Statutes were disregarded and/or misapplied." Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal, 4/6/15.

It is well established that "Appellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). A Rule 1925(b) statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P.1925(b)(4)(ii). "[A] [Rule 1925(b) statement] which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b) statement] at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006). *See also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Where, as here, a court "has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). *See In re A.B.*, 63 A.3d 345 (Pa. Super. 2013). The claims Father raises in his Rule 1925(b) Statement lacked the requisite specificity required by our rules of court. Father does not identify how the court abused its discretion in the ruling, or, for that matter, which ruling or rulings were an abuse of discretion. Further, Father does not indicate how the Rules of Civil Procedure and the Domestic Relations Code were misapplied. We therefore

agree with the trial court that Father waived appellate review. *See* Pa.R.A.P. 1925(b)(4).

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015