J-A10021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
CATHERINE KNESS  :
:
Appellant  :  No. 3156 EDA 2017

Appeal from the Order Entered September 1, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-SA-0000476-2017

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:     **FILED JUNE 07, 2018**

Catherine Kness appeals from the order entered on September 1, 2017, finding her guilty of the summary offense of failing to abide by a traffic control signal, in this case a red light signal.[1] We affirm.

We adopt the trial court's apt recitation of the factual and procedural history of this case. Trial Court Opinion, filed 11/17/17, at 1-3.

Kness argues that the trial court erred in basing its finding of guilt on an audio recording from the body camera of the officer who stopped Kness. Kness introduced the recording into evidence at trial, and asked the trial court to play it. According to the trial court, Kness was heard stating in the recording

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3112(a)(3)(i).

that she "couldn't believe" she "caught two lights." *Id.* at 2. On appeal, she challenges the trial court's findings of fact and determinations of credibility.

However, because Kness's brief is devoid of any legal authority to support her arguments, she waived her arguments before this Court. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *see also* Pa.R.A.P. 2119(a). She also committed waiver by filing a confusing and argumentative Pa.R.A.P. 1925(b) statement that failed to set forth clearly the issues she intended to raise before this Court. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa.Super. 2001) (concluding vague Pa.R.A.P. 1925(b) statement results in waiver). We therefore conclude that Kness has waived her claims on appeal.

Even if Kness had not waived her issues, we would reject what we understand her arguments to be. Because Kness was the party who asked that the recording be played for the trial court, she cannot now argue that the trial court ought not to have considered it. To the extent she challenges the trial court's understanding of her statement in the recording, that challenge is meritless. The trial court listened to the recording twice and also heard testimony both from the officer who issued the citation and from Kness. The court then found the officer's testimony credible and concluded that Kness's "admission on the audio recording that the light was red further supported [the officer's] testimony." Trial Court Opinion, filed 11/17/17, at 8. Because

the record supports the trial court's factual determinations, we would nonetheless affirm, even if Kness had not committed waiver.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/18