J-S40042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALCOLM EVERETT STOCKER, | : | |
| | : | |
| Appellant | : | No. 3311 EDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000430-2013,
CP-51-CR-0014920-2012

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 27, 2018**

Malcolm Everett Stocker appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he pleaded guilty to burglary[1] and robbery.[2]  After careful review, we affirm.

The trial court summarized the procedural and factual history as follows:

On November 3, 2012, [Stocker] was arrested and charged with seventeen offenses.  On December 17, 2012, a preliminary hearing occurred at which eight charges were held for court against [Stocker]: [burglary, robbery, and related offenses].[3]

_____

[1] 18 Pa.C.S.A. § 3502(c)(1).

[2] 18 Pa.C.S.A. § 3701.

_____

*   Retired Senior Judge assigned to the Superior Court.

On January 10, 2013, a preliminary hearing took place at which three more charges were held for court against [Stocker]: burglary, theft by unlawful taking, and receiving stolen property. On August 25, 2016, a bifurcated bench trial began.

On September 2, 2016, [Stocker] entered a negotiated guilty plea on the 2012 [docket] and an open guilty plea on the 2013 [docket]. On the 2012 [docket], [Stocker] pled guilty to burglary (F1) and robbery (F3), together carrying a maximum incarceration penalty of 27 years. On the 2013 [docket], [Stocker] pled guilty to burglary (F1), carrying a maximum penalty of 20 years['] incarceration. Prior to accepting [Stocker's] plea, this court asked [Stocker] the standard questions to ensure his understanding of his rights. . . . This court emphasized [Stocker's] absolute right to a trial and that a guilty plea would lead to [Stocker's] waiver of certain pretrial [and appellate] rights. To each question [Stocker] responded in the appropriate manner to ensure his understanding and voluntariness.

. . .

[Stocker] was sentenced to an aggregate 7 to 14 years['] imprisonment] plus 5 years['] consecutive probation.[4]

Trial Court Opinion, 10/2/17, at 1-2 (internal citations omitted).

On appeal, Stocker presents the following issue for our review: "Should

[Stocker's] sentence be vacated and the cases be remanded to the Court of

_____

[3] Criminal trespass, 18 Pa.C.S.A. § 3502(a)(2); theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); receiving stolen property, 18 Pa.C.S.A. § 3925(a); terroristic threats, 18 Pa.C.S.A. § 2706(a)(1); simple assault, 18 Pa.C.S.A. § 2701(a); recklessly endangering another person, 18 Pa.C.S.A. § 2705.

[4] Stocker pleaded guilty to the crimes on both the 2012 and 2013 dockets on September 2, 2016. He received his sentence on November 4, 2016. Stocker filed a *pro se* notice of appeal on September 29, 2016. This appeal is timely pursuant to Pa.R.A.P. 905(a)(5), which provides, "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

Common Pleas with direction that Stocker be afforded an opportunity to file a *nunc pro tunc* petition to withdraw his guilty pleas?"  Brief of Appellant, at 3. Specifically, Stocker challenges the voluntariness of his guilty plea tendered on September 2, 2016, and alleges the trial court did not advise him that his failure to file a post-sentence motion would result in the forfeiture of his right to attack the validity of his plea.  Stocker has waived this claim because he did not preserve it in his Pa.R.A.P. 1925(b) concise statement of matter complained of on appeal.[5]

Rule 1925(b) provides, in relevant part, as follows:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

"Our Supreme Court has held that when a trial court directs a defendant to file a [Rule 1925(b) statement], any issues not raised in such a statement will be waived."  ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001); ***see also Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2011) ("[A Rule 1925(b)] [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all.").

---

[5] Stocker's trial counsel submitted his Rule 1925(b) statement on May 19, 2017 and then formally withdrew as counsel on September 18, 2017.  On September 21, 2017, the Court of Common Pleas of Philadelphia issued a letter of appointment and assigned Stocker new appellate counsel.  The court entered new counsel's appearance on November 11, 2017.

Instantly, the issues in Stocker's Rule 1925(b) statement and in his appellate brief differ significantly. His Rule 1925(b) statement presents the following issues:

1. Was [Stocker] unlawfully induced to plead guilty to the charges in question, as he felt forced to plead due to the threat of a mandatory "strike" sentence if he went to trial?

2. Did the Drexel Police lack jurisdiction to stop, search and/or arrest [Stocker], resulting in the charges to which he plead[ed]?

3. Was [Stocker] misinformed at sentencing regarding time-credit and his minimum/maximum dates, resulting in an unknowing plea?

Rule 1925(b) Statement, at 1.

Stocker makes no mention of these issues in his appellate brief. We can offer no reasonable interpretation of any of these issues to fit them into the issue raised in his brief. Accordingly, Stocker has waived this claim for purposes of our review.[6]

Judgment of sentence affirmed.

---

[6] We may not review a guilty plea withdrawal issue as a part of a claim of ineffective assistance of counsel on direct appeal. ***Commonwealth v. Grant***, 813 A.2d 726, 735 (Pa. 2002) ("As a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/18