J-A15015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONELLE WALLER, | |
| Appellant | No. 3783 EDA 2017 |

Appeal from the PCRA Order Entered October 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004980-2010

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 21, 2019**

Appellant, Ronelle Waller, appeals from the post-conviction court's October 20, 2017 order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In February of 2010, Appellant was arrested and charged with numerous offenses, including possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105.  At his jury trial, the following evidence was presented:

Philadelphia Police Detective Matthew Farley testified that on February 2, 2010, he went to 5332 Yocum Street, Philadelphia, a two story row home, with his partner[,] Detective Daniel Brooks[,] and two police officers, to execute two bench warrants in an unrelated matter for the arrest of a Jessie Wallace.  On executing the warrants, Detective Farley and the officers entered the residence without force, and on clearing the first floor did not find Mr. Wallace.

---

[*] Retired Senior Judge assigned to the Superior Court.

Detective Farley and the others continued their search upstairs. On entering the middle bedroom on the second floor[,] they found [Appellant] lying on a bed and talking with an unidentified female, both of whom were fully clothed. On entering the room, Detective Farley also observed a shotgun, loaded with three rounds of live ammunition, leaning against a wall to his left, approximately two and a half feet from where [Appellant] was lying.

The officers also discovered two unloaded rifles hidden between the mattress and box spring of the bed that [Appellant] had been lying on. Detective Farley further testified that the guns were not registered to [Appellant] or anyone else. Detective Farley also testified that it appeared that someone was living in the small bedroom, noting that in addition to the bed, there was a significant amount of male clothing, and a stereo in the room. Philadelphia Police Officer Michael Wooding completed a biographical information report on [Appellant] on February 2, 2010, as part of his duties transporting [Appellant] from 5532 Yocum Street to Southwest Detective Division…. Officer Wooding testified that [Appellant] reported his resident address as 5532 Yocum Street.

***Commonwealth v. Waller***, No. 3508 EDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed April 14, 2014) (quoting Trial Court Opinion, 6/26/13, at 2-3) (footnoted omitted).

At the conclusion of Appellant's jury trial, he was found guilty of the section 6105 firearm offense. On December 12, 2012, he was sentenced to a term of seven years' probation. He filed a timely direct appeal, and this Court affirmed. ***See id.*** Our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Waller***, 97 A.3d 744 (Pa. 2014).

On October 1, 2014, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on August 4, 2016. On September 8, 2017, the court issued a Pa.R.Crim.P. 907 notice of its intent to

dismiss Appellant's petition without a hearing.[1]   On October 20, 2017, the court filed an order formally dismissing Appellant's petition.

Appellant filed a timely notice of appeal.  The court then issued an order for Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  That order advised Appellant "that any issue not properly included in the Statement … shall be deemed waived."  PCRA Court Order, 11/27/17, at 1.  On December 7, 2017, Appellant filed a timely Rule 1925(b) statement, setting forth the following two issues:

> 1. The court was in error in denying [Appellant's] PCRA [petition] without an evidentiary hearing.
>
> 2. The court was in error in denying [Appellant's] [a]mended PCRA petition] filed by PCRA counsel.

Pa.R.A.P. 1925(b) Statement, 12/7/17, at 1.  On July 25, 2018, the PCRA court filed a Rule 1925(a) opinion.

Herein, Appellant states three issues for our review:

> I. Whether Appellant's [Rule] 1925(b) [c]oncise [s]tatement specifically identified issues presently under consideration[?]
>
> II. Whether the PCRA [c]ourt erred in denying Appellant's PCRA [p]etition without an evidentiary hearing on the issues raised in the [a]mended PCRA [p]etition[?]

---

[1] The certified record does not contain the Rule 907 notice, nor a docket entry verifying that it was filed.  However, the PCRA court states in its opinion that notice was given orally at a hearing on September 8, 2017, and the docket indicates that on that date, the case was continued for the court to send a formal Rule 907 notice.  **See** PCRA Court Opinion (PCO), 7/25/18, at 2. Appellant does not raise any issue concerning the adequacy of the notice procedures applied below.

- 3 -

III. Whether the PCRA [c]ourt was in error in not granting relief on the issue that counsel was ineffective for:

a. Failing to effectively argue the motion to suppress and to object to the admissibility of the firearm and for failing to ask for the alleged warrant[?]

b. Failing to argue the motion to quash[?]

c. Failing to argue a [Pa.R.Crim.P.] 600 violation[?]

Appellant's Brief at 8.

In his first issue, Appellant challenges the PCRA court's conclusion that he waived his appellate claims by filing a vague Rule 1925(b) statement. *See* PCO at 2-3. The PCRA court premised its waiver decision on the fact that, in Appellant's concise statement, he "simply complain[ed] that the court erred in dismissing his amended [c]ounseled PCRA petition without further elaboration." *Id.* at 2. Quoting *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001), the court stressed that, "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.*

In objecting to the court's waiver conclusion, Appellant confusingly contends that we can overlook his vague Rule 1925(b) statement because "courts have … allowed *nunc pro tunc* relief in 'non-negligent circumstances, either as they relate to appellant or his counsel[,]' that occasion the delay." Appellant's Brief at 13 (quoting *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999)). We are uncertain what '*nunc pro tunc* relief' Appellant is seeking, and his reliance on *McKeown* offers no clarity. There, we discussed that "a [t]rial [c]ourt may grant an **appeal** *nunc pro tunc* when a delay in

filing is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." **McKeown**, 731 A.2d at 630 (emphasis added; internal quotation marks omitted). Obviously, **McKeown** does not address the issue of a vague Rule 1925(b) statement and, therefore, it is inapplicable.

Instead, we agree with the PCRA court that under **Dowling**, Appellant's non-specific Rule 1925(b) statement is inadequate to preserve his issues for our review. Appellant raised multiple claims of trial counsel's ineffectiveness in his amended PCRA petition, yet he only vaguely asserted in his Rule 1925(b) statement that the court erred by denying that petition. This left the court to guess at what specific errors Appellant intended to raise on appeal. Indeed, Appellant highlights this fact when he argues that the PCRA "court completely fails to address the warrant aspect" of his suppression-based ineffectiveness claim. Appellant's Brief at 19. Clearly, the court failed to address the 'warrant aspect' of this issue because Appellant did not identify that specific claim in his Rule 1925(b) statement. Accordingly, we agree with the PCRA court that Appellant's vague Rule 1925(b) statement failed to preserve the specific arguments he raises on appeal.

In any event, even had Appellant's Rule 1925(b) statement been sufficient, we would deem his claims waived for other reasons. For instance, in support of Appellant's first ineffectiveness claim, in which he alleges that counsel "fail[ed] to effectively argue the motion to suppress[,]" Appellant contends that "counsel could have and should have challenged the plain view

exception" and that "counsel should have also challenged the warrant to be defective in that it failed to properly describe the person to be arrested." Appellant's Brief at 19. These claims were not presented in Appellant's PCRA petition and, thus, they are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant also argues that counsel raised in the suppression motion the fact that he "was on the second floor in a bedroom of the house in-question [*sic*]" and he "was not the subject of the alleged warrant[, so] there should have been no further inquiry or search of the room Appellant was in." Appellant's Brief at 20. However, Appellant offers no legal authority or developed discussion to support this claim. Accordingly, it is waived. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Likewise, Appellant has also waived his remaining two ineffectiveness claims based on his failure to meaningfully develop them. Specifically, Appellant avers that his counsel acted ineffectively by not pursuing a ruling

by the court on a motion to quash that his prior counsel filed early on in this case. However, Appellant does not provide any developed analysis to demonstrate, nor cite any legal authority to support, that the motion would have been granted. Rather, he simply claims that "counsel who handled the case at the preliminary hearing believed there was reasonable grounds to grant the motion, as the filing of said motion would indicate." Appellant's Brief at 21. This inadequate argument is insufficient to preserve Appellant's ineffectiveness claim for our review. *See Hardy, supra*.

For this same reason, Appellant has also waived his contention that counsel should have filed a Rule 600 motion to dismiss. In deciding if a Rule 600 violation has occurred, we must first calculate the mechanical and adjusted run dates.

> The mechanical run date is the date by which the trial must commence under [Rule 600]. It is calculated by adding 365 days (the time for commencing trial under [Rule 600]) to the date on which the criminal complaint is filed. … [T]he mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.
>
> If the defendant's trial commences prior to the adjusted run date, we need go no further.
>
> If, however, the defendant's trial takes place outside of the adjusted run date, we must determine, pursuant to Rule 600(G), whether the delay occurred despite the Commonwealth's due diligence.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007).

Here, Appellant does not identify the mechanical run date, discuss the dates of any delays, or calculate the adjusted run date. Instead, he simply asserts that his case was brought to trial outside the 365-day period, and then baldly claims that "the Commonwealth did not exercise due diligence." Appellant's Brief at 23. We conclude that Appellant's undeveloped argument is insufficient to preserve his claim that counsel acted ineffectively by failing to file a Rule 600 motion to dismiss.

For all of these reasons, Appellant has waived his ineffective-assistance-of-counsel issues for our review. Consequently, he has also not demonstrated that the PCRA court erred by denying his petition without a hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/21/2019*