J-A04026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| AMY SCANDALE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN SCANDALE | : | No. 647 MDA 2025 |

Appeal from the Order Entered September 25, 2024
In the Court of Common Pleas of Lackawanna County Domestic Relations
at No(s):  2022-DR-628,
PACSES 187301800

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:          **FILED: JANUARY 29, 2026**

Appellant, Amy Scandale ("Wife"), appeals from the order entered in the Lackawanna County Court of Common Pleas, Domestic Relations Section, which denied Wife's exceptions and confirmed the support master's amended recommendation in this equitable distribution matter.  We dismiss the appeal.

Briefly, the relevant facts and procedural history of this matter are as follows.  During the parties' marriage they used cash to purchase a three-acre property, which included the marital residence.  Later, Appellee, John Scandale ("Husband"), constructed a barn on the property, which housed his custom-made firearms business.  To fund this construction, the parties mortgaged the property and obtained a home equity line of credit ("HELOC").  Following their February 22, 2022 separation and a subsequent divorce complaint filed by Wife, the parties have been litigating their support

obligations and, specifically, who is responsible for the payment of the mortgage and HELOC.

On September 24, 2024, the court denied Wife's exceptions to and confirmed the support master's amended recommendation, which provided, *inter alia*, that Wife be responsible for the second mortgage and HELOC. On October 16, 2024, Wife timely filed a notice of appeal. On October 21, 2024, the court ordered Wife to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On November 8, 2024, Wife filed her statement.

Before addressing the merits of Wife's issues, we must determine whether those issues are properly before us. The trial court and Husband assert that Wife's "concise" statement of errors complained of on appeal is anything but concise, as it is six pages in length and raises 24 issues. The trial court suggests that this Court deem Wife's issues waived for non-compliance with Rule 1925(b).

"A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal" or the issues will be considered waived. ***S.S. v. T.J.***, 212 A.3d 1026, 1030-32 (Pa.Super. 2019). ***See also*** Pa.R.A.P. 1925(b)(4)(ii) (explaining that Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"); Pa.R.A.P. 1925(b)(4)(vii) (stating "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

- 2 -

This Court has explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **S.S.**, **supra** at 1031 (quoting **Commonwealth v. Dowling**, 778 A.2d 683, 686-687 (Pa.Super. 2001)). This Court has interpreted "vagueness" as including "verbose and lengthy" statements such that the trial court cannot readily identify the issues raised. **See id.** at 1032. In sum, the purpose of the statement of errors complained of on appeal is to "allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a)." **Id.** Where the appellant fails to comply with this requirement, the issues are waived. **Id.**

Here, we agree with the trial court that Wife's Rule 1925(b) statement, which spanned six pages and included 24 issues, was so verbose and lengthy that the trial court could not readily identify the issues raised. (**See** Wife's Rule 1925(b) Statement, filed 11/8/24; R.R. at 18a-23a). In fact, the trial court declined to address the merits of any of Wife's claims raised on appeal on this basis. (**See** Trial Court Opinion, filed 8/27/25, at 14a-17a). Therefore, we deem Wife's issues waived for purposes of appeal. **See S.S., supra**. Accordingly, we dismiss the appeal.

Appeal dismissed. Case is stricken from oral argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>01/29/2026</u>