J. S15031/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANE R. GOCHIN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2822 EDA 2016 |
| | : | |
| RANDEE FELDMAN | : | |

Appeal from the Order Entered August 4, 2016,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2011-25251

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2017**

Diane R. Gochin appeals ***pro se*** from the August 4, 2016 order entered in the Court of Common Pleas of Montgomery County that denied her motion to re-open or strike judgments.  We affirm.

The trial court set forth the tortured procedural history of this case, noting that, "[f]or the sake of brevity, only the history relevant to the matters complained of on appeal will be discussed."  (Trial court opinion, 10/27/16, at 1 n.1.)

> [Appellant] commenced this action by filing a civil complaint against Randee Feldman, Esquire ("[appellee]"), her husband's divorce attorney, on September 7, 2011.  [Appellant] filed an Amended Complaint on October 19, 2011 alleging two counts of Abuse of Process and Tortious Interference with Contractual Relations, Abuse of Process and Fraud, Fraud upon the Court and Intentional Infliction of Emotional Distress to [appellant] and her Minor

Child.[Footnote 2] The counts alleging Abuse of Process and Fraud and Fraud upon the Court were stricken by the Honorable Wendy Demchick-Alloy by order dated April 27, 2012 which sustained [appellee's] preliminary objections to those claims.

> [Footnote 2] [Appellant's] petition to join her minor child was denied on October 24, 2012. Therefore, [appellant] only has standing to assert this claim on her own behalf.

On May 16, 2012, [appellee] filed an Answer with New Matter with Counterclaim to [appellant's] Amended Complaint alleging 107 paragraphs of additional facts and raising a claim for attorney's fees and damages pursuant to 42 Pa.C.S.A. § 2503. On June 11, 2012, [appellant] filed a Motion to Strike [appellee's] New Matter with Counterclaim which was denied by order dated March 20, 2013. On April 17, 2015 [appellant] filed an "Answer to [appellee's] Frivolous Counterclaim in the Nature of a Motion for Judgment on the Pleadings" in which she failed to respond to any of the factual allegations set forth in [appellee's] New Matter with Counterclaim. Instead, [appellant] cited Pennsylvania Rule of Civil Procedure 1034 regarding motions for judgment on the pleadings. [Appellant] set forth six paragraphs in which she alleged her complaint was given merit by the court's denial of [appellee's] preliminary objections and claimed [appellant] already addressed [appellee's] counterclaim in the answers to preliminary objections and various memoranda. This motion was treated as a motion for judgment on the pleadings and was denied by the undersigned on June 25, 2013. On August 26, 2014, [appellant] filed a "Memorandum of Law in the Nature of a Second Motion to Dismiss [appellee's] New Matter and Counterclaim" in which she argued the merits of her own complaint rather than answer [appellee's] New Matter with Counterclaim. After oral argument, the court denied said Motion by order dated December 18, 2014. On January 30, 2015, [appellant] filed a "Third Motion to Dismiss

[appellee's] Frivolous Counterclaim and Frivolous New Matter and Motion for Sanctions for Vexatious Filings." On February 20, 2015, [appellee] filed a Motion to Dismiss [appellant's] Third Motion to Dismiss. On February 25, 2015, [appellee] filed a Petition to Enter Default Judgment on [appellee's] Counterclaim and Deem the Pleadings Closed. On March 22, 2015, [appellant] filed a Petition for Leave to file Joinder of Paul Troy as a Defendant. In this Petition, [appellant] accused Mr. Troy of abuse of process, making false statements, intentionally delaying the litigation, acting in bad faith, and violating attorney rules of conduct, the Pennsylvania rules of civil procedure and the laws of the Commonwealth. On April 8, 2015, [appellee] filed a third Motion for Judgment on the Pleadings.[Footnote 3]

> [Footnote 3] The previous two, filed January 2, 2014 and July 28, 2014 were premature, because the pleadings did not close until January 8, 2015 at which time [appellant's] answer to [appellee's] New Matter and Counterclaim was due.

Oral argument was held before the undersigned on May 11, 2015 regarding nine outstanding motions and petitions, including the four at issue in the instant appeal. On June 23, 2015, the court entered the following orders regarding the nine outstanding motions and petitions:

1. Order denying [appellee's] Motion for Reconsideration of the October 10, 2014 Order Denying [appellee's] Motion for Judgment on the Pleadings as moot.

2. Order denying [appellant's] Petition for Leave to File Joinder of Paul Troy as Defendant[.]

3. Order denying [appellee's] Motion to Dismiss [appellant's] Amended Complaint Pursuant to Pa.R.C.P. 233.1[.]

- 3 -

4. Order granting [appellant's] Petition to Proceed ***In[ F]orma Pauperis***.

5. Order granting [appellee's] Motion for Judgment on the Pleadings.

6. Order denying [appellee's] Motion for Sanctions Pursuant to 1023.1(c) and 1023.2(b) Related to [appellant's] Motion to Dismiss and for Sanctions (Again).

7. Order denying [appellant's] Motion for Protective Order as moot.

8. Order granting in part and denying in part [appellee's] Petition to Enter Default Judgment on [appellee's] Counterclaim and Deem the Pleadings Closed.[Footnote 4]

> [Footnote 4] The court denied as moot the portion of this petition which sought to have the pleadings deemed closed as they were already closed as a matter of law on January 8, 2015. ***See Newspaper Guild of Greater Philadelphia, AFL-CIO v. Philadelphia Daily News, Inc.***, 164 A.2d 215 (Pa. 1960).

9. Order granting [appellee's] Motion to Dismiss [appellant's] (Third) Motion to Dismiss New Matter and Counterclaim and Request for Sanctions pursuant to Pa.R.C.P. 233.1.

[Appellant] filed a timely appeal of the following four orders only on July 14, 2015:

a) Order denying [appellant's] Petition for Leave to File Joinder of Paul Troy as Defendant[.]

b) Order granting [appellee's] Motion for Judgment on the Pleadings.

c) Order granting in part and denying in part [appellee's] Petition to Enter Default Judgment on [appellee's] Counterclaim and Deem the Pleadings Closed.

d) Order granting [appellee's] Motion to Dismiss [appellant's] (Third) Motion to Dismiss New Matter and Counterclaim and Request for Sanctions pursuant to Pa.R.C.P. 233.1.

The undersigned filed of record its Rule 1925(a) opinion on September 11, 2015. On November 30, 2015, the Superior Court quashed [appellant's] appeal because the court's order granting default judgment on [appellee's] counterclaim was not a final order.

On January 28, 2016, [appellee] withdrew [his] counterclaim. On April 7, 2016, [appellant] then filed a Petition to Strike Judgments asking the court to "strike the Judgments entered on June 23, 2015, granting a default on [appellee's] Motion for Default Judgment on their Counterclaim and the Order granting [appellee's] Motion to Dismiss [appellant's] Motion to Dismiss that Counterclaim and for Sanctions. On that same day, [appellant] filed a Motion to Re-Open or Strike Judgments and asked the court to strike or re-open the orders which granted [appellee's] Motion for Judgment on the Pleadings and Motion for Leave to Join Paul Troy. By orders dated August 4, 2016, the undersigned denied [appellant's] Petition to Strike and the Motion to Re-Open or Strike.

[Appellant] filed a notice of appeal on August 17, 2016 of the order denying her Motion to

> Re-Open or Strike only. The undersigned issued an order directing [appellant] to file a concise statement of errors complained of on appeal consistent with Pa.R.A.P. 1925(b). In response, [appellant] submitted a nine-page narrative on August 22, 2016.

Trial court opinion, 10/27/16 at 1-4 (record citations omitted).

A concise statement on appeal must be specific enough for the trial court to identify and address the issue or issues that the appellant wishes to raise on appeal. ***In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013).

> Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).
>
> This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." ***Commonwealth v. Hansley***, 2011 PA Super 129, 24 A.3d 410, 415 (Pa. Super. 2011), ***appeal denied***, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." ***Id.*** (brackets, internal quotation marks, and citation omitted). Further, this Court may find waiver where a concise statement is too vague. ***Id.*** "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 2001 PA Super 166, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the

> issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686-87.

*Id.*

Here, appellant's nine-page "concise statement" begins with her contention that "[i]t is very easy to rig the outcome of a case," continues with a rambling of various conspiracy theories as to how she lost the underlying action, and then ends with an allegation that the trial court's "conduct is impeachable." (Appellant's concise statement pursuant to Rule 1925(b), 8/22/16.) Appellant's "concise statement" is the functional equivalent of no statement at all. Therefore, appellant waives all issues on appeal.

Nevertheless, we note that we have reviewed appellant's "brief" and it fails to include a statement of questions presented. We have recognized that the omission of a statement of questions presented is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996), quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). "When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers*, 670 A.2d at 1160.

Here, in addition to failing to include a statement of questions presented, appellant also failed to include a statement of jurisdiction, a copy

of the order in question, a statement of both the scope of review and the standard of review, and a statement of the case. Notably, appellant even failed to include an argument. Instead, appellant begins her submission to this court as follows:

> Appellant is submitting this to stand as her Brief. [The trial court] was requested to recuse from this case, but has refused to do so, even though the following is the content of a federal lawsuit against him and [appellee]. There will be no more time, energy or money spent on trying to pursue justice in a system that is obviously nothing more than legal industry fueled by cronyism.

Appellant's brief at 1. What follows appears to be the contents of the federal complaint that appellant claims to have filed against the trial court and appellee. After reviewing that, we wish to note that even if appellant did not waive her appellate issues for failure to comply with Pa.R.A.P. 1925(b), the substantial defects in her "brief" would have nevertheless precluded us from conducting any meaningful judicial review, and we would have dismissed this appeal. *See* Pa.R.A.P. Rule 2101; *see also Smathers*, 670 A.2d at 1160-1161.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017