J-A01008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENE CARL BENCKINI | : | |
| | : | |
| Appellant | : | No. 1026 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 21, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-SA-0000291-2018

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 30, 2019**

Appellant Gene Carl Benckini appeals *pro se* from the judgment of sentence imposed following his conviction for summary harassment.[1] For the reasons that follow, we dismiss the appeal based on deficiencies in Appellant's brief.

Briefly, Appellant was cited for harassment after he repeatedly contacted the female complainant. Appellant, who was represented by counsel, proceeded to a *de novo* summary appeal trial on March 21, 2019. That same day, the trial court found Appellant guilty and sentenced him to pay a $300 fine and the costs of prosecution.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(3).

On March 25, 2019, Appellant filed a *pro se* notice of appeal.[2] Appellant, acting *pro se*, subsequently filed a timely court-ordered Pa.R.A.P. 1925(b) statement.

In lieu of a Rule 1925(a) opinion, the trial court issued an order asserting that

> [Appellant] has waived his issues on appeal under Rule 1925(b) by failing to file a concise and coherent Rule 1925(b) statement. [Appellant]'s statement consists of a 15-page narrative in which no issues are numbered. [Appellant] offers a summary of the evidence presented at his *de novo* hearing, and makes reference to two unrelated criminal matters (CP-39-CR-3939-2001 and CP-39-CR-1470-2017) and a civil action (2016-C-3545). Over three pages[, Appellant] makes allegations of trial court errors in relation to one of the unrelated criminal matters. While it is difficult to discern what [Appellant] is alleging on appeal, he does briefly mention that [the trial court] erred in this case by allowing hearsay testimony and by interrupting his witnesses. However, in order to address the merits of those issues, I need the transcript from [Appellant's] *de novo* hearing, which he has failed to properly request. I would ask the court to find [Appellant] waived his issues for appeal. In the alternative, I ask that the case be remanded so that [Appellant] can properly submit a request for transcript and file a concise statement.

Trial Ct. Order, 5/29/19.

On appeal, Appellant presents the following issues for our review:

1. Whether Appellant's brief should be [accepted] as true facts, as they happened and as they did not happen.

---

[2] On February 25, 2019, Appellant's counsel was suspended from practicing law in Pennsylvania. This Court remanded the matter for Appellant to decide whether to retain new counsel or proceed *pro se*. **See** Order, 5/7/19. On May 20, 2019, Appellant filed a response indicating that he wished to proceed *pro se*. **See** Response to Order, 5/20/19.

2. Whether the police officer encouraged a public citizen to commit a crime of fabrication against a person that the police officer hated, along with perjury.

3. Whether this plot was [intended] for the sole purpose but to have this man's bail revoked and into prison.

4. Whether this plot was [intended] to obstruct justice.

5. Whether [Appellant] engaged in a course of conduct that served no legitimate purpose.

Appellant's Brief at 13 (full capitalization omitted).

Initially, we note that

it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted).

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037–38 (Pa. Super. 2018),

*appeal denied*, 217 A.3d 793 (Pa. 2019) (citations omitted).

Here, we have carefully reviewed Appellant's brief and find the defects

to be substantial.[3] Although Appellant presents five issues in his statement of

questions, his argument section is limited to a single page. **See** Pa.R.A.P.

2116(a); 2119(a). Further, Appellant fails to develop any of his arguments

by applying a principle of law to the facts of this case. **See** Pa.R.A.P. 2119(a).

Significantly, Appellant's argument section does not contain citations to, or

appropriate analyses of, applicable Pennsylvania legal authority. **See id.**

Although we liberally construe Appellant's *pro se* brief, we are barred from

acting as his counsel and advancing his arguments. **See Kane**, 10 A.3d at

331-32. Accordingly, we are constrained to dismiss the appeal.

Appeal dismissed.

_____

[3] We add that, as noted by the trial court, Appellant's Rule 1925(b) statement only identified two issues with sufficient clarity. However, Appellant did not raise those issues in his brief. **See Commonwealth v. Perez**, ___ A.3d ___, 2019 PA Super 300, 2019 WL 4926192, *1 n.2 (Pa. Super. filed Oct. 7, 2019) (*en banc*) (reiterating that an issue is abandoned when it is identified on appeal but not properly developed in an appellant's brief) (citation omitted). Therefore, it does not appear that Appellant has preserved any claims for appellate review. **See Commonwealth v. Dowling**, 778 A.2d 683, 687 (Pa. Super. 2001) (stating that a Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all"); **see also** Pa.R.A.P. 1925(b) (stating that an issue is waived if it is not included in an appellant's Rule 1925(b) statement).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/30/19</u>