J-A11006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Y.H. | : | |
| | : | |
| Appellant | : | No. 1688 MDA 2019 |

Appeal from the Order Entered September 10, 2019
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 201810780

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED MAY 22, 2020**

Y.H. appeals from the order entered September 10, 2019, in the Court of Common Pleas of Luzerne County, which granted J.M.'s motion to extend the current Protection From Abuse ("PFA") order she had against him. Y.H. argues the trial court refused to hear his evidence, and that the order was entered in error. After careful review, we conclude Y.H.'s brief violates the Pennsylvania Rules of Appellate Procedure. Therefore, we dismiss this appeal.

On September 20, 2018, a PFA order was issued against Y.H. for a period of one year. The PFA was entered upon agreement of the parties without admission of wrongdoing. Thereafter, on August 26, 2019, J.M. filed a motion to extend the September 2018 PFA order, alleging that her request

_____

[*] Former Justice specially assigned to the Superior Court.

for extension is for "safety reasons" and that since the September 2018 PFA was entered she has been in and out of hearings and contact with Y.H. continues at those hearings.[1] Motion to Amend or Withdraw Protection From Abuse Order, 8/26/2019.

On September 10, 2019, a hearing was held to address the motion. Y.H. appeared *pro se* at the hearing. J.M. was represented at the hearing by counsel through the Civil Legal Representation Project. Immediately after the hearing, J.M.'s counsel filed a Praecipe for Withdrawal of her appearance and J.M. entered her appearance *pro se*.[2] The trial court concluded that an extension was necessary and granted J.M.'s motion, extending the September 2018 PFA for a period of one year. The order prohibits Y.H. from having any

---

[1] An extension of a protection order may be granted

> [w]here the court finds, after a duly filed petition, notice to the defendant and a hearing, in accordance with the procedures set forth in sections 6106 and 6107, that the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child.

23 Pa.C.S. § 6108(e)(1)(i).

[2] From our review of the record it does not appear J.M. has filed any documents in this case since entering her appearance *pro se*.

contact with J.M., with the exception of contact between the parties regarding children[3]. ***See id***.

After the trial court entered the final PFA order, Y.H. filed this timely appeal. The trial court entered an order directing Y.H. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Y.H. filed a single unnumbered paragraph titled "Answer" which read as follows:

> I, [Y.H.] believe that I did not get a chance to provide key evidence in my case. I have proof and also a witness to counteract the petitioner's statement. During the hearing the Judge[] stated the only reason of concern is a so-called statement that I yelled at [J.M.] that is not true.[4] I can and believe I proved [J.M.] to be a pathological and habitual liar. She has been lying under oath with no regards to any type of decency and also legal documents to get her way. It can be proven without a doubt. I have even more proof to expose the lie that have been brought up against me. [J.M.] has been on a rampage to [continuously] harass me and this is the only way for her to do it. Custody and child support is done with. I have an extended 3 year P.F.A. against her with my evidence. Please give me the chance to clear my name.

Appellant's Answer, 10/31/2019. J.M. did not file a response.

Prior to addressing the merits of Y.M.'s claims on appeal, we must determine which issues, if any, are preserved for our review. It is well-

---

[3] The parties are not married but it appears from the record they are the parents of a child.

[4] J.M. alleged that Y.H. attended a hearing with his girlfriend at a New Jersey courthouse during which the girlfriend was served with a PFA in favor of J.M. and that Y.H. got so upset he yelled at her "you a fucking bitch" in the courthouse. N.T., Motions Hearing, 9/10/2019, at 7-9.

established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. ***See Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

In its 1925(a) opinion, the trial court found Y.H. waived his claims as it was unable to ascertain the specifics of any claims from Y.H.'s vague statement. ***See*** Trial Court Opinion, 12/17/2019, at 4-5. The trial court was diligent in guessing and attempting to address the merits of the claim. However, when an issue on appeal is so vague that the appellate court must guess at what it is, there can be no meaningful appellate review and the issue is waived. ***See Dowling***, 778 A.2d at 686; ***see also Commonwealth v. Heggins***, 809 A.2d 908, 912 (Pa. Super. 2002) (finding even if the trial court correctly guesses the issues an appellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived).

Further, after careful review, we conclude Y.H.'s brief on appeal, consisting of one single page,[5] violates the Pennsylvania Rules of Appellate Procedure. The state of Y.H.'s brief is such that we cannot conduct a meaningful review. "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Additionally,

> [w]hile this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing.

_____

[5] "To whom it may concern, I [Y.H], have been going [through] a lot with [J.M.] the last 2 years ranging from her stalking, threatening, and harassing me. As a result I filed a restraining order against her on September 13th 2018. In return she filed one on me on September 19th 2018 one day before the hearing. She has been on a rampage because we separated and I chose to move on rather than coming back to her. As a result she started attacking my current girlfriend. We have so much proof and evidence to back this up. On the day in [question] which was September 10th 2019, I believe my evidence was not considered and it is crucial. The judge didn't even want to see my evidence. How is this right? It is not fair to me to not be able to prove my case.

As you can see in the attachments my evidence is solid and I also have a witness. The Judge said the only reason he extended the Pfa is a concern of a statement that I supposedly yelled at her. This was yet another false allegation and was proven in a trial with police officers as witnesses.

Please consider my evidence and free me from the continuing harassment and false allegations."

*Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

Here, Y.H.'s brief violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, this Court's scope and standard of review, a statement of the order in question, and a summary of his argument as required by Pa.R.A.P. 2111(a). Further, Y.H. fails to include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c), and utterly fails to include citation to the record or discussion of and citation to authorities. *See* Pa.R.A.P. 2119(a),(c); *see also Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.") Y.H.'s argument is undeveloped and scattershot. This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). Due to these substantial defects, we find Y.H. has waived his issues on appeal.

We note, even if not waived, Y.H. would not be entitled to relief. A liberal review of the claims we can discern from Y.H.'s Answer and Brief leads us to conclude that the trial court did not commit an error of law or an abuse of discretion. It appears his argument consists of two claims; that he did not get a chance to provide "crucial" evidence to prove his case, and that the court

extended the PFA based on lies told by J.M. that Y.H. "supposedly" yelled at her.

He supports his argument that his evidence was not considered by claiming he has "so much proof and evidence", his "evidence is solid", and he has a witness. (Appellant's Brief). However, other than offering his own testimony at the hearing on the PFA motion, Y.H. did not present any witnesses to testify on his behalf.

At the start of the hearing, the trial court clearly explained the procedure that would be followed during the hearing including Y.H.'s ability to cross-examine J.M. and her witnesses and call his own witnesses. *See* N.T., Motions Hearing, 9/10/2019, at 3. Accordingly, at the close of J.M.'s testimony, Y.H. was permitted to and did ask J.M. questions and then presented his own testimony. Towards the end, the court asked Y.H. if he had any other submission, anything else he wanted to say, or any other testimony or evidence he wanted to provide. *See id*. at 22. Y.H responded that he had subpoenas for all of the court dates, transcripts of the hearings, a police report, and text messages with threats from J.M. *Id*. J.M. indicated that the messages were from last year and that evidence regarding those messages was presented at the hearing to obtain the original September 2018 PFA. Y.H. responded it did not matter when the messages were sent and that the

evidence would go to show "the true person" that J.M. is. ***Id***. The court found the proffered evidence to be irrelevant in the current case.[6]

Finally, Y.H. attempted to introduce, without calling any witnesses, a statement from a detective that he said would prove J.M. was lying to the court about the comment he yelled at her. ***See id***. at 26. The trial court explained that the detective's statement was hearsay and as such it could not consider it. ***See id***.; ***see also Soda v. Baird***, 600 A.2d 1274, 1277 (Pa. Super. 1991) (Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and may be reversed on appeal only when a clear abuse of discretion is present).

We find Y.H. was given a full and fair opportunity to present his case. He had the opportunity to present whatever evidence and whatever witnesses he deemed appropriate *within the confines of the rules of court*. Accordingly, this claim is without merit.

Finally, as far as Y.H. is arguing that he did not yell "you a fucking bitch" at J.M., the issue is one of credibility. This Court has no authority to overturn the trial court's credibility determinations in this matter. Our Court generally defers "to the credibility determinations of the trial court as to witnesses who appeared before it." ***Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted). Moreover, it is well established that the finder of fact is free

---

[6] The trial court indicated that Y.H.'s proposed evidence would be more appropriate at the upcoming hearings to extend his own PFA against J.M.

to believe all, part, or none of the evidence and it is within the province of the trial judge, sitting without a jury, to judge credibility of the witnesses and weigh their testimony. **See Commonwealth v. Carter**, 546 A.2d 1173, 1182 (Pa. Super. 1988). Consequently, credibility determinations are generally not subject to review. **See id**.

The trial court specifically addressed this issue and stated on the record, "Look, I found her testimony on that point credible, okay. I know you dispute it." N.T., Motion Hearing, 9/10/2019, at 25. Therefore, we find Y.H.'s argument on this issue unavailing.

As we conclude Y.H. has waived his issues on appeal by providing the trial court with a deficient concise statement, and providing this Court with a deficient appellate brief, we affirm the PFA order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/22/2020