J-A03016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRITTANY Q. GWINNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY J. CASCIO | : | |
| | : | |
| Appellant | : | No. 1814 EDA 2021 |

Appeal from the Order Entered August 13, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-04959-CU

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 20, 2022**

Appellant, Timothy J. Cascio ("Father"), appeals from the August 13, 2021 Order that granted the Petition for Approval of Relocation filed by Appellee, Brittany Q. Gwinner ("Mother"), and, *inter alia*, awarded Mother primary physical custody and Father partial physical custody of the parties' then-five-year-old child, K.J.C. ("Child").  Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  Mother and Father were never married and are parents to now-six-year-old Child.  Father has a second son from a different relationship, L.C. ("Brother"), who is approximately four months older than Child.  Mother and Father have made attempts to keep the brothers on the same visitation schedule.  Prior to May 2019, the parties agreed to a custody arrangement where Mother had primary physical custody and Father had partial physical custody.  In May 2019, Mother filed for emergency custody of Child after Father, who is a police officer

for the Pottstown Police Department, left his service weapon loaded, cocked, and unattended and then-three-year-old Child accessed the weapon and fired a shot over the head of then-four-year-old Brother. On May 30, 2019, the trial court issued an Interim Custody Order that limited Father's physical custody to supervised visitation with Child. On July 3, 2019, the trial court issued a Custody Order that awarded Mother primary physical custody and, after a 30-day supervised visitation period, awarded Father partial physical custody of Child for four overnights during a two-week period, to coincide with Father's fluctuating work schedule.

In September 2019, Mother married Patrick McKenna ("Stepfather"), who serves in the United States Navy as an explosive ordinance disposal operator stationed in Virginia. On March 4, 2020, after Stepfather's request to transfer to Pennsylvania was denied, Mother filed a Notice of Relocation from Pennsylvania to Virginia to live with Stepfather and his two young children, approximately five hours away from Father. Father opposed the relocation. On July 16, 2020, Mother filed a Petition for Approval of Relocation asserting that her employment in Pennsylvania was unstable due to the COVID-19 pandemic, that her lease in Pennsylvania ended and she was unable to secure affordable housing, and that moving to Chesapeake, Virginia, with Stepfather would provide financial and emotional stability for her and Child. Pending the relocation trial, Mother moved to Virginia and the parties agreed to a shared physical custody schedule on a week on/week off basis with Mother providing all transportation of Child to and from Father's home.

The trial court held a trial on October 5, 2020, October 6, 2020, and May 12, 2021. The trial court heard testimony from both parents as well as Brooke Gwinner, Mother's sister; Stepfather; James Kalavik, Father's neighbor; and Paul Casio, Child's paternal grandfather ("Paternal Grandfather").

On August 13, 2021, the trial court served notice of a Final Custody Order, which considered and analyzed the 23 Pa.C.S. § 5328 custody factors and Section 5337 relocation factors and determined that granting Mother's relocation petition was in Child's best interest. The court awarded Mother primary physical custody of Child during the school year. The court awarded Father partial physical custody every other weekend during the school year, with additional time allotted during the summer months and whenever Father's flexible work schedule allowed him to stay at his family's vacation home in Virginia.

Father timely appealed. Father subsequently filed a Pa.R.A.P. 1925(b) Statement and the trial court filed a responsive Rule 1925(a) Opinion.[1]

Father raises the following issues for our review:

---

[1] Although Father failed to file a Rule 1925(b) Statement contemporaneously with his Notice of Appeal, **see** Pa.R.A.P. 1925(a)(2)(i), (b), we decline to dismiss on this basis because no party asserted prejudice. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a rule 1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal which this Court will address on a case-by-case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party).

1. Did the trial court commit an error of law when it failed to properly apply the facts of the case to the relocation factors set forth in 23 Pa.C.S. § 5337(h) prior to considering the general custody factors?

2. Was the trial court's conclusion to grant Mother's relocation request unreasonable in light of the facts presented at trial where the trial court failed to consider the irreparable harm relocation would have on Father and [B]rother's relationship with [Child]?

3. Did the trial court commit an error of law by failing to consider and apply the statutory factors and binding precedent of this Court which compels denial of Mother's Petition for Relocation?

4. Was the trial court's conclusion to grant Mother's relocation request unreasonable in light of the facts presented at trial where the trial court failed to consider the harm relocation would have on [Child]'s relationships with his extended biological family?

5. Was the trial court's conclusion to grant Mother's relocation request unreasonable in light of the facts presented at trial where the trial court's order contained numerous factual inaccuracies, which, when corrected, actually favored Father.

Father's Br. at 4 (reordered and renumbered for ease of disposition; some capitalization omitted).

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). This Court must accept the findings of the trial court that the evidence supports. *Id*. Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly

- 4 -

unreasonable as shown by the evidence of record." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." ***S.W.D.***, 96 A.3d at 401. ***See also*** 23 Pa.C.S. § 5323(a) and (d). The Custody Act requires a trial court to consider the Section 5328(a) custody factors when "ordering any form of custody," and further requires the court to give "weighted consideration to those factors which affect the safety of the child[.]" 23 Pa.C.S. § 5328(a).

Likewise, a trial court must consider ten relocation factors when deciding a petition for relocation, "giving weighted consideration to those factors which affect the safety of the child." ***Id.*** at § 5337(h). The party proposing a child's relocation has the burden of establishing that the relocation will serve the best interest of the child. ***Id.*** at § 5337(i)(1). Moreover, each party has the burden of establishing the integrity of that party's own motives in either seeking the relocation or opposing the relocation. ***Id.*** at § 5337(i)(2).

"If the proposed relocation will result in a change in custody, the court must also consider the custody factors in Section 5328(a)." ***S.S. v. K.F.***, 189 A.3d 1093, 1098 (Pa. Super. 2018). The two statutes do not exist in separate vacuums, but rather intersect since "[s]everal of the factors of section 5337(h) are encompassed, either directly or implicitly, by the custody factors of section 5328(a). ***D.K. v. S.P.K.***, 102 A.3d 467, 476–77 (Pa. Super. 2014). It is well settled that "[a] court should avoid dissociating the issue of primary

custody from the issue of relocation and should instead decide the two issues together under a single umbrella of best interests of the children." ***S.S. v. K.F.***, 189 A.3d at 1098 (citation and internal quotation marks omitted).

It is axiomatic that when reviewing child custody matters and the trial court's consideration of the Section 5328(a) custody and Section 5337(h) relocation factors, our paramount concern is the best interests of the child. ***See Saintz***, 902 A.2d at 512 (explaining that this Court's "paramount concern and the polestar of our analysis" in custody cases is the best interests of the child). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." ***D.K.D. v. A.L.C.***, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted).

In his first issue, Father avers that the trial court committed an error of law when it failed to consider the relocation factors **prior** to the custody factors. Father's Br. at 12. Father argues that the relocation statute requires analysis of the relocation factors and a determination that relocation is in a child's best interest prior to any custody determination. ***Id.*** Father's claim lacks merit.

To support his argument, Father cites subsection (f), which requires a court that is considering a relocation petition to hold a hearing prior to modifying a custody order and provides: "the court shall modify the existing custody order only after holding a hearing to establish the terms and

conditions of the order pursuant to the relocation indicating the rights, if any, of the nonrelocating parties." 23 Pa.C.S. § 5337(f). Father also cites subsection (g), which compels the court to issue an appropriate custody order after granting a relocation petition, stating: "[i]f the court approves the proposed relocation, it shall: (i) modify any existing custody order; or (ii) establish the terms and conditions of a custody order." *Id.* at § 5337(g).

While Father cites to subsections of the statute that require a trial court to hold a hearing prior to modifying a custody order and issue an appropriate custody order after approving relocation, Father fails to cite to any legal authority that specifically requires a court to consider custody factors prior to relocation factors. On the contrary, as stated above, it is well-settled that the relocation factors and custody factors intersect, and a court should decide the issues together under a "single umbrella" of best interests of the child.

In any event, the trial court explained that it did **not** consider the custody factors **prior** to the relocation factors but, rather, considered them together even though the court listed the custody factors first in its analysis. The trial court opined:

> Father is mistaken in his factual claim that this court first considered the custody factors and only then considered the relocation factors. Rather, this court considered both sets of factors entirely and gave each factor weight as appropriate before attaching this court's analysis serially to the Final Custody Order starting with the custody factors. Moreover, this court's research found no support in the law for Father's claim that a lower court commits reversible error by listing the custody factors first.[] Even if this court had listed the relocation factors first, and separately,

the results of this court's Final Custody Order would have been the same. Father's assignment of error . . . lacks merit.

Trial Ct. Op., filed 9/22/21, at 4 (footnote language included). We agree. The trial court properly considered the relocation and custody factors together to determine a disposition that was in Child's best interest. Accordingly, we find no abuse of discretion.

In his second issue, Father avers that the trial court failed to consider the harm that relocation would have on Father and Brother's relationship with Child. Father's Br. at 4. Father argues that the trial court gave more weight to Mother's individual happiness and the existence of Mother's new military community to the exclusion and detriment of Child's relationship with Father and Brother. *Id.* at 20. Father maintains that the logistics of implementing the newly-ordered custody schedule and traveling back and forth between Pennsylvania and Virginia will preclude him and Brother from spending meaningful time with Child and, therefore, the court should have denied the relocation petition. *Id.* at 22.

In this issue, Father does not challenge the court's application of the relocation and custody factors; rather, he challenges the weight the court gave to the evidence. Our review of the record reveals that the trial court engaged in an analysis of the Section 5337 relocation factors and the Section 5328 custody factors and made specific findings regarding each factor, which the record supports. *See* Order, 8/11/20, Appendix at 1-5.

Further, the trial court did contemplate the strong relationship that Child had with Father and Brother in its consideration of custody factor 6 and

relocation factors 1 and 8. The trial court found that Child has a "strong relationship" with Brother, "Father has arranged to have both of his children on the same custody schedule so that [Child] can grow up with [Brother,]" Child has "a very close bond" with Brother and Father, and "Father understandably opposes [relocation] due to the inability to spend as much time with [Child] fostering a relationship as well as reducing [Child's] time with [Brother]." **See** Order, 8/11/20, Appendix at 1-2, 4-5. The trial court opined:

> [t]his court considered the potential negative effects the Final Custody Order might have on [Child] and Father, and on the half-brothers, and this court sought to minimize those potential negative effects by awarding as much partial physical custody to Father as was practically feasible consistent with [C]hild's best interests. Ultimately, this court decided that it was in [Child]'s best interest to be primarily in Virginia with Mother at some risk to [Child]'s relationship with [] Father and [Brother] in Pennsylvania.

Trial Ct. Op. at 5-6.

The trial court further explained that: "[t]he court struggled greatly with the decision in this matter as both parents are caring, attentive, and willing to make great personal sacrifice." **Id.** at 1-2. Ultimately, however, in making its decision that relocation was in Child's best interest, the trial court emphasized the support structure available to Mother and Child in Virginia, Mother's job flexibility and ability to work from home in Virginia, and Mother's history of being the primary caretaker of Child's medical, emotional, and developmental needs. **Id.**; Order, 8/11/20, Appendix at 1-5. Upon review,

the record supports the trial court's findings, and we decline to reweigh the evidence. Therefore, we find no abuse of discretion.

In Father's third issue, he avers that the trial court committed "an error of law by failing to consider and apply the statutory factors and binding precedent of this court that compelled the denial of Mother's petition for relocation." Father's Br. at 4. In his fourth issue, he avers that the trial court "failed to consider the harm relocation would have on [Child]'s relationships with his extended biological family[.]" *Id.* Our review of Father's Rule 1925(b) Statement, which raises over ten separate allegations of error, indicates that Father failed to include these specific allegations of error. *See* Rule 1925(b) Statement, 9/8/21, at 1-2. Consequently, the trial court did not address these allegations of error in its Rule 1925(b) Opinion.

Pa.R.A.P. 1925(b)(4)(ii) directs that an appellant's Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b)(4)(vii) provides that "[i]ssues not included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). *See Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (explaining that any issues not raised in a Rule 1925(b) statement are waived). Because Father did not raise these allegations of error in his Rule

1925(b) Statement and the trial court failed to address them, we conclude that any argument based on these allegations of error are waived.

Finally, Father contends that the trial court based its decision on "numerous factual inaccuracies, which, when corrected, actually favored Father[.]" Father's Br. at 4. In its 1925(a) Opinion, the trial court found this issue waived because it was a generic assignment of error that lacked specificity and failed to raise a cognizable issue for the court to address. Trial Ct. Op. at 3. We agree.

It is an appellant's responsibility to precisely identify any purported errors. *Schenk v. Schenk*, 880 A.2d 633, 639 (Pa. Super. 2005). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citations omitted). "In other words, a [Rule 1925(b) c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* at 686-87. When a trial court fails to address an issue because the appellant's Rule 1925(b) statement is not specific enough for the trial court to identify and address the issue that the appellant wishes to raise on appeal, waiver is appropriate. *Id.* at 687. The trial court concluded this issue was waived because it was too vague, and we agree.

In conclusion, the trial court did not abuse its discretion when it granted Mother's relocation petition and awarded primary physical custody to Mother.

- 11 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/20/2022</u>