J-A24016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN WESLEY LUNDBERG :
:
Appellant : No. 695 EDA 2022

Appeal from the Judgment of Sentence Entered February 8, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-SA-0000267-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

JUDGMENT ORDER BY PANELLA, P.J.: **FILED OCTOBER 14, 2022**

Upon consideration of the Commonwealth's application to quash the above captioned case, we dismiss this appeal.

John Wesley Lundberg received a Motor Vehicle Code citation for violating 75 Pa.C.S.A § 4107(b)(2) by driving a dump truck without a seatbelt. A magisterial district judge found him guilty, and Lundberg filed a timely summary appeal to the Court of Common Pleas of Chester County. The trial court also found Lundberg guilty. The court sentenced him to pay a fine of $25.00, plus costs. This timely appeal followed. The trial court directed Lundberg to file a concise statement pursuant to Pa.R.A.P. 1925(b), and he complied in a timely manner.

The Commonwealth filed an application to quash this appeal due to violations of the Pennsylvania Rule of Appellate Procedure. Specifically, the

Commonwealth contends that Lundberg failed to provide to the trial court a proper concise statement under Rule 1925(b) and has failed to properly raise and develop an argument in his appellate brief in violation of various provision of Chapter 21 of the Rule of Appellate Procedure. Upon review, we agree.[1]

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Therefore, a concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise. **See Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted). Rule 1925(b) provides that a statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii).

This Court has considered the question of what constitutes a sufficient Pa.R.A.P. 1925(b) statement on numerous occasions and has established that "[an] appellant's concise statement must properly specify the error to be addressed on appeal." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). "When a court has to guess what issues an appellant is

_____

[1] We observe that Lundberg is proceeding in this appeal without the benefit of legal representation. However, he is not entitled to any particular advantage because he lacks legal training. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001).

In its Rule 1925(a) opinion, the trial court indicated that "[Lundberg's] statement preserves no issues for appeal." Trial Court Opinion, 4/13/22, at 1. The trial court further notes, "A review of the concise statement filed by [Lundberg] easily demonstrates that it does not sufficiently identify any issue to be raised on appeal." ***Id***. at 1 n.1.

We have reviewed Lundberg's Rule 1925(b) statement and are constrained to agree with the trial court that the statement is nonspecific to the point that it fails to present thoughtfully and cogently any legal issues. ***See*** Rule 1925(b) Statement, 4/5/22, at 1. Rather, Lundberg has simply presented, in paragraph form, a meandering list of allegations of error. ***See id***. The ultimate result of Lundberg's nebulous presentation is that any issues he wished to raise in this appeal are lost in the midst of the rambling list. Accordingly, Lundberg has waived any issues for appeal.

In addition, upon review of the Lundberg's brief, we conclude that it is replete with violations of the briefing requirements under Chapter 21 of the Rules of Appellate Procedure. This Court may quash or dismiss an appeal where the appellant presents the Court with a defective brief or reproduced record. ***See*** Pa.R.A.P. Rule 2101. The most troubling example of the defects in Lundberg's brief appears in the argument section, which is required to

contain citations to relevant authority supporting his contentions. *See* PA.R.A.P. 2119(a).

Here, the argument portion of Lundberg's brief does not contain meaningful discussion of, or citation to, relevant legal authority. *See* Appellant's Brief at 8. Specifically, the argument contains only a general reference to the United States Constitution and the Pennsylvania Constitution. *See id*. Completely lacking from the argument section is any discussion or developed analysis relevant to any issue, which does not allow meaningful appellate review. Therefore, even in the absence of Rule 1925 waiver, we would find all of Lundberg's issues on appeal waived due to the defects in his brief.

Appeal dismissed. Application to cancel argument and quash appeal denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/14/2022</u>