J-S33045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIHAD LEWIS | : | |
| | : | |
| Appellant | : | No. 2276 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001470-2020

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 23, 2023**

Jihad Lewis ("Lewis") appeals from the judgment of sentence imposed following his conviction for murder of the first degree, criminal conspiracy, robbery with infliction of serious bodily injury, and firearms offenses.[1]  We affirm.

In August 2021, a jury convicted Lewis of the above-referenced crimes. On October 12, 2021, the trial court sentenced Lewis to life in prison without the possibility of parole on the murder conviction with concurrent sentences on the remaining convictions.  Lewis filed a timely notice of appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Lewis raises the following issue for our review: "Was there sufficient evidence at trial to support the finding of guilt to the charge of murder in the

---

[1] **See** 18 Pa.C.S.A. §§ 2502(a), 903(c), 3701(a)(i), 6106(a)(1), 6108.

first degree, criminal conspiracy, and [sections] 6106 [and] 6108?" Lewis's Brief at 3.

Initially, we must determine whether Lewis preserved his issue for our review. It is well-established that, if an appellant is directed to file a concise statement of errors to be raised on appeal pursuant to Rule 1925(b), "[a]ny issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(3)(vii) (stating that "issues not included in the Statement . . . are waived"). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"); *see also Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001) (explaining that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) (holding that "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

Importantly, if an appellant wishes to preserve a claim that the evidence was insufficient, then the 1925(b) statement must specify the element or elements of each conviction upon which the evidence was insufficient. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa Super. 2013) (holding that in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient). This Court can then analyze the element or elements on appeal. **See Bonnett**, 239 A.3d at 1106. Where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. **Id**.

Here, the trial court directed Lewis to file a concise statement of errors to be raised on appeal pursuant to Rule 1925(b). However, in his concise statement, Lewis did not identify any element of any of the crimes for which he was convicted which allegedly went unproven at trial. Instead, Lewis raised nearly the same vague sufficiency claim as he raises in his appellate brief, *i.e.*, "[t]he evidence presented at trial was insufficient as a matter of law to find [Lewis] guilty of murder of the first degree, conspiracy, robbery[,] and violations of the uniform firearms act (VUFA)." Concise Statement, 11/23/21, at unnumbered 2.

The trial court determined that Lewis's sufficiency challenge was waived because his concise statement failed to state with specificity the element or elements upon which he alleges the evidence was insufficient for his various convictions, and "only generally alleges that there was insufficient evidence to support the verdicts." Trial Court Opinion, 12/9/21, at 5.

Our review confirms that, in asserting his sufficiency claim in his concise statement, Lewis sought to challenge the sufficiency of the evidence supporting five separate convictions, each of which has more than one element. *See* Concise Statement, 11/23/21, at unnumbered 2; *see also* 18 Pa.C.S.A. §§ 2502(a), 903(c), 3701(a)(i), 6106(a)(1), 6108. However, Lewis failed to identify the element or elements of each of those five convictions that the Commonwealth allegedly failed to prove at trial. *See* Concise Statement, 11/23/21, at unnumbered 2. Such specificity is of particular importance in cases where, as here, Lewis was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). Accordingly, we conclude that due to the complete lack of specificity, Lewis failed to preserve his sufficiency challenge for our review.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *3/23/2023*