J-S06025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOSEPH MAYERSKY | : | |
| | : | |
| Appellant | : | No. 788 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 25, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000136-2021

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MAY 22, 2023**

Appellant Michael Joseph Mayersky appeals from the judgment of sentence imposed following his conviction for witness intimidation. On appeal, Appellant challenges the sufficiency of the evidence and the legality of his sentence. For the following reasons, we vacate Appellant's judgment of sentence and remand with instructions.

The trial court summarized the factual history of this case as follows:

Amber Katulu testified at trial that in August of 2020 she resided in Shenandoah in an apartment above her boyfriend's mother's flower shop. Her boyfriend's mother is Tina Lewandowski. Ms. Lewandowski was best friends with [Appellant's] mother, Elaine Mayersky. Ms. Katulu would often take Ms. Mayersky to doctor appointments and run other errands with her, offering her help whenever she asked. [Ms. Katulu] had known Ms. Mayersky for approximately a year by August of 2020. When they first met, Ms. Mayersky lived alone, but after a few months, her son, [Appellant], moved into the home. [Ms. Katulu] would often see

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] at pick-ups or drop offs of his mother, and he would often be screaming. Ms. Katulu had also seen bruises on Ms. Mayersky, and she had admitted that [Appellant] caused them. Ms. Mayersky had also told her that he had guns in the home and she was afraid he was going to throw her out in the middle of the night.

On August 23, 2020, Ms. Katulu was concerned for Ms. Mayersky's welfare. She testified that she was at Ideal Park Campground with her boyfriend, Peter Futyma, and his mother, Ms. Lewandowski, when Ms. Lewandowski received a phone call from Ms. Mayersky. Ms. Lewandowski had the call on speaker so Ms. Katulu could hear what Ms. Mayersky was saying. Ms. Mayersky added that [Appellant] told her if she was still in the house when he got home, he was going to kill her. Ms. Katulu decided to call the police and have a welfare check done. Ms. Katulu also returned home that evening in Shenandoah.

Shortly after calling the police around 5:00 or 6:00 p.m., Ms. Mayersky called Ms. Katulu around 7:00 p.m. and told her that she was fine but that everything was going to get worse for her now that the police were called. After ending the phone call, Ms. Katulu sent a long text message to Ms. Mayersky around 9:10 p.m. stating that she was worried about her and that if [Appellant] hurt her or threatened to hurt her, she would call the police again. [Ms. Katulu] also said that if he continued this behavior, she would keep sending the police to make sure that she was okay.

Within an hour of this text message, Ms. Katulu received a phone call from Mayersky's phone, but it was [Appellant] screaming. He said that if Ms. Katulu ever sent the police to his house again, he was going to kill her and destroy the flower shop and hung up. Ms. Katulu immediately called the police and reported the incident because she was scared for herself, for her home and for Ms. Mayersky.

Trial Ct. Op., 7/25/22, at 1-3.

Appellant was charged with terroristic threats and witness intimidation, which was graded as a third-degree felony.[1,2] The matter proceeded to a jury trial on February 11, 2022. Ultimately, the jury found Appellant guilty of witness intimidation and not guilty of terroristic threats. On April 25, 2022, the trial court sentenced Appellant to a term of twenty to forty-eight months' incarceration.

Appellant filed post-sentence motions which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. Therein, Appellant claimed that his conviction was contrary to law and that the trial court erred in grading the offense as a third-degree felony. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.[3]

On appeal, Appellant raises the following issues for our review:

1. Is the conviction contrary to law?

2. Is grading of the conviction for sentencing purposes incorrect?

---

[1] 18 Pa.C.S. §§ 2706(a)(1) and 4952(a)(1), respectively.

[2] Initially, the Commonwealth charged Appellant with witness intimidation, graded as a second-degree misdemeanor. On February 3, 2022, the Commonwealth filed a motion to amend the information to upgrade the witness intimidation charge to a third-degree felony. Appellant did not object, and the trial court granted Appellant's motion.

[3] In its Rule 1925(a) opinion, the trial court noted that it was unclear whether Appellant was challenging the weight or the sufficiency of the evidence. *See* Trial Ct. Op. at 1. However, the trial court concluded that, to the extent Appellant intended to raise a sufficiency claim, the issue was meritless. *Id.* at 3.

Appellant's Brief at 5.

## Sufficiency of the Evidence

In his first issue, Appellant challenges the sufficiency of the evidence. *Id.* at 10. Before addressing this claim, we must first determine whether Appellant has preserved this issue for appellate review.

It is well settled that a vague Rule 1925(b) statement may result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001) (stating that "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all"). Further, this Court has explained:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, . . . the sufficiency issue is waived on appeal. Even if the trial court correctly guesses the issues [an a]ppellant raises on appeal and writes an opinion pursuant to that supposition the issues are still waived.

*Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citations omitted and formatting altered), *appeal denied*, 250 A.3d 468 (Pa. 2021).

Although Appellant purports to challenge the sufficiency of the evidence in his brief, his Rule 1925(b) statement did not identify the element or elements of witness intimidation that he intended to challenge on appeal. Indeed, Appellant's Rule 1925(b) statement identified the claim as follows:

"Conviction is contrary to law." Rule 1925(b) Statement at 1. We find that this statement is too vague to preserve his sufficiency claim for review, and we conclude that Appellant waived this issue. ***See Bonnett***, 239 A.3d at 1106. Further, although the trial court addressed Appellant's sufficiency claim in its Rule 1925(a) opinion, that does not affect our conclusion. ***See id.*** (stating that "[e]ven if the trial court correctly guesses the issues [an a]ppellant raises on appeal" and addresses those claims in a Rule 1925(a) opinion, the issue is still waived (citation omitted)). Accordingly, no relief is due.

**Grading**

In his second issue, Appellant alleges that the trial court improperly graded his conviction for witness intimidation as a third-degree felony. Appellant's Brief at 13. In support, Appellant contends that "[t]he jury instructions and the verdict slip did not require a specific finding of fact that would raise the level of the charge of intimidation of a witness pursuant to 18 Pa.C.S. § 4952(b) from a misdemeanor of the second degree to any higher grading." ***Id.*** at 14-15 (citation omitted). Further, Appellant contends that "[t]here was nothing in the instructions that directed the jury to find a specific statutory aggravator" and "[t]he [trial] court never instructed the jury [it] would have to find one of the statutory aggravators in order to return a verdict." ***Id.*** Therefore, Appellant asks this Court to remand the matter for the trial court to re-sentence Appellant for witness intimidation as a second-degree misdemeanor. ***Id.*** at 16.

It is well settled that a challenge to the grading of an offense implicates the legality of the sentence. ***Commonwealth v. Rivera***, 255 A.3d 497, 513 (Pa. Super. 2021), *appeal granted on other grounds*, 273 A.3d 510 (Pa. 2022). Accordingly, "our standard of review is *de novo*, and the scope of our review is plenary." ***Id.*** (citation omitted).

The Crimes Code defines witness intimidation, in relevant part, as follows:

> **(a) Offense defined.—** A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
>
> > (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa.C.S. § 4952(a)(1).

Section 4952(b) sets forth specific aggravating factors under which witness intimidation may be graded as a third-degree felony. 18 Pa.C.S. § 4952(b)(4). Under Section 4952(b)(1)(i), witness intimidation is a third-degree felony where the defendant "employ[ed] force, violence[,] or deception, or threaten[ed] to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person." 18 Pa.C.S. § 4952(b)(1)(i).

This Court has held that, in order to increase the grading of an offense based on aggravating statutory factors, the Commonwealth must include the

additional factors in the criminal information, and the trial court must instruct the jury on those factors. **See e.g.**, **Rivera**, 255 A.3d at 513. Additionally, this Court has held that we "cannot merely assume" that a jury found specific additional factors when those factors were not presented to the jury during jury instructions. **Id.** (citation omitted).

Here, the Commonwealth alleged in the criminal information that Appellant threatened Ms. Katulu with force or violence, which was required in order to increase the grading of the witness intimidation charge to a third-degree felony. **See** 18 Pa.C.S. § 4952(b)(1)(i); Commonwealth's Mot. to Amend, 2/3/22.

Following trial, the trial court instructed the jury on witness intimidation as follows:

> [Appellant] is also charged with intimidation of witnesses. To find [Appellant] guilty of this offense, you must find that each of the following elements have been proven beyond a reasonable doubt: first, that [Appellant] intimidated or attempted to intimidate a witness into refraining from informing or reporting to a law enforcement officer concerning information relating to the commission of a crime or withholding information relating to the commission of a crime from a law enforcement officer; and second, that [Appellant] did so with the intent or with the knowledge that his conduct would obstruct, impede, prevent, or interfere with the administration of criminal justice.
>
> In order to find that [Appellant] attempted to intimidate Ms. Katulu into acting a particular way, you must first find that he intended to intimidate Ms. Katulu into acting into that way and that he engaged in conduct that constituted a substantial step toward intimidating Ms. Katulu into acting.
>
> Lastly, with regard to intimidation of witnesses, you do need to find that Ms. Katulu was indeed a witness. A witness is defined as any person having knowledge of the existence or nonexistence of

facts or information relating to a crime.  You are going to have to make that determination whether or not Ms. Katulu meets the criteria for – as a witness.

N.T. Trial, 2/11/22, at 79-80.

During deliberations, the trial court provided the following supplemental

instruction at the jury's request:

I understand that there's been a question regarding intimidation of witnesses.  I am going to reread the standard intimidation of witness instruction with a bit more clarification.

There are essentially **two elements** to intimidation of witness. You must find both.  You must find that the Commonwealth has satisfied its burden of proving each element beyond a reasonable doubt in order to find [Appellant] guilty of intimidation of witnesses.

There are two elements, and then there are two definitions within the – within the general instruction.  So I'm going to read the elements first, and then I'm going to read you the instructions. Again, the Commonwealth has the burden of proving beyond a reasonable doubt each element; and you must find both elements to find [Appellant] guilty.  If you only find one, then you can't find [Appellant] guilty.

First, that [Appellant] intimidated or attempted to intimidate a witness into refraining from informing or reporting to a law enforcement officer concerning information relating to the commission of a crime or that [Appellant] intimidated or attempted to intimidate a witness into withholding information relating to the commission of a crime from a law enforcement officer.

Second, that [Appellant] did so with the intent to or with the knowledge that his conduct would obstruct, impede, prevent, or interfere with the administration of criminal justice.

**So in order to find a person guilty of intimidation of a witness, you must find that there was action.  You must find that there was a witness.  And you must find that there is intent.**

- 8 -

The instruction goes on to further define intimidation of a witness. In order to find that [Appellant] attempted to intimidate, in this case, Ms. Katulu into acting a particular way, you must first find that he intended to intimidate Ms. Katulu into acting that way and that he engaged in conduct that constituted a substantial step toward intimidating Ms. Katulu into so acting.

You heard the facts as presented by both sides. You must decide whether or not he attempted to intimidate into having Ms. Katulu act a certain way and that he engaged in conduct that constituted a substantial step toward intimidating Ms. Katulu. In other words, he threatened her.

A witness – under the standard guidelines, a witness is any person having knowledge of the existence or nonexistence of facts or information relating to a crime. So you have find there was conduct. You have to find that there was intent. And you have to find that Ms. Katulu constitutes a winner under the standard definition.

*Id.* at 83-85 (emphases added).

Following our review of the record, it is clear that although the trial court instructed the jury on the basic elements required to find Appellant guilty of witness intimidation, the court did not instruct the jury to determine whether Appellant employed force, violence, or deception, or that he threatened to do so, as contemplated by Section 4952(b)(1)(i). *See* 18 Pa.C.S. § 4952(b)(1)(i); *see also* Pa. SSJI (Crim) § 1549.52 (requiring a jury to find beyond a reasonable doubt that a defendant used force, violence, or deception, or threatened to employ force or violence, upon the witness or victim in order to convict a defendant of witness intimidation as a third-degree felony). Because the trial court did not instruct the jury on the additional factor at Section 4952(b)(1)(i), we "cannot merely assume" that the jury found Appellant guilty of the additional factor necessary to increase the

witness intimidation charge to a third-degree felony. *See Rivera*, 255 A.3d at 513. Therefore, we conclude that Appellant's sentence for witness intimidation, graded as a third-degree felony, is illegal. *See id.*

Accordingly, we are constrained to vacate Appellant's sentence for witness intimidation, graded as a third-degree felony, and remand for the trial court to resentence Appellant on witness intimidation as a second-degree misdemeanor. *See id.* (vacating the defendant's sentence and remanding for resentencing where the trial court failed to instruct the jury on the additional element required to increase the grading of the offense); *see also Commonwealth v. Hoffman*, 198 A.3d 1112, 1126 (Pa. Super. 2018) (vacating and remanding for resentencing where the trial court did not instruct the jury on a factor that increased the grading of the offense resulting in an illegal sentence).

For these reasons, we vacate Appellant's judgment of sentence and remand for resentencing on Appellant's witness intimidation conviction, graded as a second-degree misdemeanor. *See Rivera*, 255 A.3d at 513; *see also* 18 Pa.C.S. § 4952(b)(5).

Judgment of sentence vacated.   Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2023