J-A27040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FARIDA B. RAHMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAZLETON AMBULATORY SURGICAL | : | No. 531 MDA 2024 |
| CENTER AND NORTHEAST EYE | : | |
| SPECIALISTS | : | |

Appeal from the Order Entered February 28, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
202310974

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MARCH 26, 2025**

Farida B. Rahman appeals *pro se* from the order entered on February 28, 2024 granting Hazleton Ambulatory Surgical Center's ("HASC") motion to strike Rahman's praecipe for judgment and notice of entry of judgment, denying Rahman's motion for leave to file amended complaint, denying as moot Rahman's motion requesting extended time to file a certificate of merit or expert testimony, sustaining Northeast Eye Specialists' ("NES") preliminary objections, and dismissing Rahman's complaint with prejudice. As Rahman's court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement") is so deficient that it precludes review of all her issues on appeal, we quash.

In July 2023, Rahman commenced this medical malpractice action against NES and HASC in magisterial district court. The magisterial district

court dismissed Rahman's complaint. Rahman appealed to the Luzerne County Court of Common Pleas, and Rahman refiled her complaint in November 2023. NES filed preliminary objections asserting, *inter alia*, that Rahman's complaint should be dismissed because it was barred by the statute of limitations. Rahman did not file a response to the preliminary objections, but filed a motion for leave to amend the complaint. Before the trial court had ruled on either the preliminary objections or the motion to amend, on December 19, 2023, Rahman praeciped judgment against HASC for $10,000. HASC moved to strike the judgment and to join in the preliminary objections previously filed by NES.

On February 27, 2024, the trial court heard argument on the pending pleadings and motions. The next day, the court entered an order striking the judgment, denying the motion to amend the complaint, and sustaining the preliminary objections and dismissing the complaint:

> AND NOW, this 28th day of February, 2024, upon consideration of, and oral argument on the following matters, it is hereby ORDERED and DECREED as follows:
>
> 1. Defendant, Hazleton Ambulatory Surgical Center's Motion to Strike Plaintiff's Praecipe for Judgment and Notice of Entry of Judgment is **GRANTED**. The December 19, 2023 judgment taken in favor of Farida B. Rahman and against Hazleton Ambulatory Surgical Center shall be **STRICKEN** from the record.
>
> 2. Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**.
>
> 3. Plaintiff's Motion requesting extended time to file a certificate of merit or expert testimony is **DENIED** as moot.

- 2 -

> 4. The Preliminary Objections of Defendant, Northeast Eye Specialists, to Plaintiff's Complaint are hereby **SUSTAINED** as to the statute of limitations. Plaintiff's Complaint is hereby **DISMISSED** with prejudice.

Order, 2/28/24.

Rahman filed a motion for reconsideration, which was denied, and Rahman timely appealed. On April 3, 2024, the court ordered Rahman to file a 1925(b) statement within 30 days of the entry of the order. The order also stated: "The statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues. Any issue not properly included in the statement timely filed and served pursuant to P[a].R.A.P. 1925(b) shall be waived." Order, 4/3/24, at ¶ 3.

On May 1, 2024, Rahman filed her 1925(b) statement. As best can be discerned from the hand-written, one-page document, Rahman's errors complained of on appeal are, in the entirety, as follows verbatim:

> Issues are preserved and will be raised on appeal: Judge abused its discretion when enter his order dated 2-28-2024. He illegally striken the judgment dated December 19, 2023, timely objection was filed, served. The Plaintiff timely filed her amended complaint to add one more count, the preliminary objection was muted, but the Judge abused its discretion. I paid premiums see at "A," I was refused my Rx eye glasses, time did not expired. Dr. failed to supply Rx eye drops, statute of limitations did not expired, my emergency room visit could been avoided see at "B," but the Judge abused its discretion.
>
> All of the above issues are preserved and will be raised on appeal.

Rahman's 1925(b) statement, filed 5/1/24, at 1 (emphasis removed).

Rahman attached two exhibits to her 1925(b) statement. The first appears to be a document from the Social Security Administration explaining Rahman's Social Security benefits. The document is dated March 20, 2024, which was almost one month after the entry of the February 28, 2024 order at issue in this appeal. The second exhibit is Rahman's prescription for eye drops, dated April 20, 2024, which was nearly two months after the February 28, 2024 order.

On May 20, 2024, the court filed a responsive opinion, finding Rahman's issues on appeal to be waived because her 1925(b) statement failed to adequately identify any issues and thus, the court was unable to prepare an opinion on the merits of Rahman's claims. *See* Trial Court Opinion, filed 5/20/24, at 3 (unpaginated).

NES filed an application in this Court to quash the appeal, on July 2, 2024, arguing that Rahman failed to preserve her errors on appeal. On July 26, 2024, HASC filed an application to quash on the same grounds. This Court denied the applications to quash without prejudice to the right to raise the issue in the appellate briefs. *See* Order, 8/13/24.

To preserve claims for appellate review, an appellant "must comply whenever the trial court orders them to file a [1925(b) statement]." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). A 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Any issues not raised in a 1925(b) statement will

be deemed waived." ***Lord***, 719 A.2d at 309. The waiver rule for failure to conform with Rule 1925(b) applies equally to *pro se* appellants. ***See Commonwealth v. Schofield***, 888 A.2d 771, 774-75 (Pa. 2005).

Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa.Super. 2020) (citation omitted). Thus, a "Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal." ***Id.*** "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa.Super. 2001) (citation omitted). Indeed, a concise statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Id.*** at 686–87.

Here, Rahman's 1925(b) statement failed to identify with sufficient clarity the issues she intended to argue on appeal. While she claims in her 1925(b) statement that the court abused its discretion in entering its February 28, 2024 order, she fails to identify any specific claim of legal error. Rather, her claims are vague, general, and overly broad. Rahman's 1925(b) statement also incorrectly states that she filed an amended complaint. The record reflects, however, that Rahman filed a motion for leave to file an amended complaint, which the court denied. Further, the two exhibits attached to her 1925(b) statement are not in any obvious way related to this matter and were dated after the order from which Rahman appealed. We agree that Rahman's

failure to provide an adequately clear and concise Rule 1925(b) statement effectively prevented the trial court from authoring a responsive opinion. Rahman has thus waived all issues for purposes of appeal, and, as a result, we quash.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025